UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

DAMON J.[1],

      Plaintiff,

v.

21-CV-28 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

___

## DECISION AND ORDER

Plaintiff Damon J. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 21. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 22, 23. For the reasons below, the Court grants in part and denies in part Plaintiff's motion and denies the Commissioner's cross-motion.

___

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and his application for Supplemental Security Income ("SSI"), both filed on May 24, 2018.[2] Tr. 154-62.[3] Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 78-87, 150-53.

Following the hearing, in which Plaintiff was represented by counsel, ALJ Sharda Singh issued a decision finding that Plaintiff was not disabled. Tr. 9-24. Plaintiff's request for Appeals Council Review was denied, after which he commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 13 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 13 are hereby denoted "Tr. __."

F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial

3

gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(c). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2021 and that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, December 1, 2016. Tr. 14. The ALJ also found that Plaintiff suffered from two severe impairments: bipolar disorder and major depressive disorder. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 14-15.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> [Plaintiff] is limited to understanding, remembering, and carrying out simple, routine, repetitive non-complex tasks in a low stress environment, defined as one with only occasional decision-making, changes in the work setting, and judgment. [Plaintiff] is also limited to occasional interaction with supervisors, co-workers, and the general public.

Tr. 16.

The ALJ found that Plaintiff was capable of performing past relevant work as a cleaner. Tr. 21. As such, according to the ALJ, Plaintiff had not been under a disability between his alleged disability onset date, December 1, 2016, and the date of the ALJ's decision. *Id.*

## II.  Plaintiff's Argument

Plaintiff makes three arguments for judgment in his favor. *See* Dkt. 21-1. First, he argues that the ALJ erred by not including any substantive analysis of the "paragraph C" criteria at step three of the disability determination. *Id.* at 20. Second, Plaintiff claims that the ALJ failed to consider properly Plaintiff's necessary psychiatric treatment and need for supportive services in the RFC determination. *Id.* at 23. Lastly, Plaintiff asserts that the ALJ improperly favored the opinion of a non-examining state agency psychologist over that of his treating psychiatrist, Jamie Pabilonia, M.D. *Id.* at 25. As set forth below, remand is necessary because the ALJ's explanation for why Plaintiff's mental impairments did

6

not meet the "paragraph C" criteria was insufficient to allow the Court to provide meaningful review.[4]

### III.  Analysis

Plaintiff argues that the ALJ's consideration of the "paragraph C" criteria at step three was conclusory. *See* Dkt. 21-1, at 20-23.

At step three of the disability determination, the ALJ ascertains whether the claimant's severe, medically determinable impairments meet or medically equal one of the listed impairments. *See* 20 C.F.R. §§ 404.1520(d), 416.920(c). For an impairment to meet or medically equal a listing, it must satisfy the "paragraph A" criteria and the criteria of either "paragraph B" or "paragraph C." *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2). The "paragraph A" criteria are "medical criteria that must be present in [the claimant's] medical evidence" to support a diagnosis. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(a). The "paragraph B" criteria are "areas of mental functioning a person uses in a work setting," and the ALJ must find that the impairment causes an "extreme" limitation in one functional area or "marked" limitations in two functional areas. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b).

The "paragraph C" criteria, however, are for "serious and persistent mental disorders," requiring a "medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in

---

[4] Because the Court concludes that the ALJ's explanation of the "paragraph C" criteria was inadequate, it declines to address Plaintiff's remaining arguments. *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

7

both C1 and C2." *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(c). Paragraph C1 requires evidence of "[m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the claimant's] disorder." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.04(C)(1), 12.06C(1). Paragraph C2 requires evidence of "[m]arginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [his] environment or to demands that are not already a part of [his] daily life." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.04(C)(2), 12.06(C)(1).

Here, the ALJ found that Plaintiff's depression and anxiety were severe, medically determinable impairments, thereby meeting the "paragraph A" requirements.[5] *See* Tr. 14; 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. As for the "paragraph B" criteria, the ALJ found that Plaintiff's mental impairments did not cause an "extreme" limitation in one functional area or "marked" limitations in two functional areas. *See* Tr. 14-15. As for the "paragraph C" criteria, the ALJ said the following:

> I have also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. I have also considered whether the

---

[5] In her decision, the ALJ did not mention Listing 12.06, which involves anxiety and obsessive-compulsive disorders, even though she found Plaintiff's anxiety to be a severe, medically determinable impairment at step two. Tr. 14-15; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.06. The "paragraph B" and "paragraph C" criteria, however, are the same for Listing 12.04, which the ALJ did consider, and Listing 12.06. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.04, 12.06. The Court concludes that the ALJ's failure to consider explicitly Listing 12.06 was harmless error. *See Solis v. Berryhill*, 692 F. App'x 46, 48 (2d Cir. 2017) (summary order) ("Although the ALJ did not explicitly discuss Listing 11.14, his general conclusion (that Solis did not meet a listed impairment) is supported by substantial evidence.").

> "paragraph C" criteria are satisfied. In this case, there is no evidence of marginal adjustment; that is that [Plaintiff] has the minimal capacity to adapt to changes in the environment or to demands not part of his daily life.

Tr. 16.

While the Court agrees with Plaintiff that the ALJ's analysis of the "paragraph C" criteria is short and conclusory, that alone is not a sufficient reason for remand. *See Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) ("[I]n spite of the ALJ's failure to explain his rejection of the claimed listed impairments, we were able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence."). The ALJ did consider Plaintiff's prior hospitalizations and participation in the New York State Personalized Recovery Oriented Services ("PROS") program in crafting Plaintiff's RFC. *See* Tr. 17-19. In fact, the ALJ noted that, "[a]lthough the record does reflect that [Plaintiff] has a history of significant mental health treatment with hospitalizations for suicidal ideation, the record demonstrates improvement in overall functioning when he is engaged in treatment and is motivated to follow through with recommendations of his treatment providers. He has recently obtained stable housing and is engaging in new treatment programs through PROS." Tr. 19.

Nevertheless, the Court is left speculating as to how the ALJ reached her conclusion at step three that Plaintiff's mental impairments did not meet the "paragraph C" criteria. *See Jablonski v. Comm'r of Soc. Sec.*, No. 1:18-CV-00597 EAW, 2019 WL 4439453, at *4 (W.D.N.Y. Sept. 13, 2019) (finding that the Court's

9

ability to perform meaningful review was precluded where the "ALJ did not cite to any record evidence in support of his findings with respect to the paragraph (C) criteria, or provide any explanation, beyond reciting the standard, for how he reached his conclusion.").

Plaintiff was first hospitalized for depression and suicidal ideation on May 9, 2017. *See* Tr. 542, 550. By the time the ALJ issued her decision on February 4, 2020, there was a "medically documented history of the existence of [Plaintiff's depression] over a period of at least 2 years." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04(C). Plaintiff's two hospitalizations, treatment records, and participation in the PROS program also seem to satisfy paragraph C1's ongoing treatment requirement. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(G)(2)(b) ("[The ALJ will] consider that [the claimant] receive[s] ongoing medical treatment when the medical evidence establishes that [he] obtain[s] medical treatment with a frequency consistent with accepted medical practice for the type of treatment or evaluation required for [his] medical condition."). The ALJ's analysis of the "paragraph C" criteria says as much, positing only that there was "no evidence of marginal adjustment" in Plaintiff's case. *See* Tr. 16.

The question is whether the ALJ's conclusion that there was "no evidence of marginal adjustment" was supported by substantial evidence. *See Schillo v. Kijakazi*, 31 F.4th 64, 69 (2d Cir. 2022) ("We may vacate the agency's disability determination only if it is based on legal error or unsupported by 'substantial evidence'—that is, if no reasonable factfinder could have reached the same

conclusion as the ALJ."). Paragraph C2's "marginal adjustment" requirement is described as follows:

> [The ALJ] will consider that [the claimant] ha[s] achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of [his] symptoms and signs and to deterioration in [his] functioning; for example, [the claimant] ha[s] become unable to function outside of [his] home or a more restrictive setting, without substantial psychosocial supports. Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of [the claimant's] mental disorder, evidence may document episodes of deterioration that have required [him] to be hospitalized or absent from work, making it difficult for [him] to sustain work activity over time.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(G)(2)(c) (internal citation omitted); *see also Ivey v. Comm'r of Soc. Sec.*, No. 1:19-CV-00657 EAW, 2020 WL 5046261, at *10 (W.D.N.Y. Aug. 27, 2020) ("[T]he Commissioner's regulations provide that marginal adjustment is demonstrated where there is evidence that changes or increased demands have led to exacerbation of symptoms and signs, and to deterioration in functioning. Examples of such deterioration include the inability to function outside of your home or a more restrictive setting, without substantial psychosocial support; the necessity for a significant change in medication or other treatment; and episodes of deterioration that require hospitalization.") (citations omitted).

At the time of the ALJ's decision, there were at least two instances of deterioration in Plaintiff's functioning that could support a finding of marginal adjustment. *See Ivey*, 2020 WL 5046261, at *10; 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(G)(2)(c); *but see Colin U. v. Comm'r of Soc. Sec.* — F. Supp. 3d —, No. 20-CV-6569-FPG, 2022 WL 4285379, at *3 (W.D.N.Y. Sept. 16, 2022) ("That Plaintiff

11

can advocate for himself and handle stress, and that Plaintiff is able to live without significant support from others suggests that he can function on his own, which is evidence that weighs *against* a finding of marginal adjustment.") (emphasis in original). In April 2018, Plaintiff experienced an episode of deterioration requiring hospitalization after "reporting that he did not want to live and that he had been practicing to hurt himself by placing a plastic bag over his head." Tr. 18; *see* Tr. 219. And in December 2018, Plaintiff experienced a significant change in treatment when he was discharged by Niagara County Mental Health so that he could receive a higher level of care from the PROS program. Tr. 555-56; *see* Tr. 19 (noting that Plaintiff had "enter[ed] an apartment treatment program that required him to transfer care to the PROS program.").

Given this evidence, the Court concludes that remand is necessary because it cannot say that the ALJ's cursory "paragraph C" analysis was harmless error. *See Jablonski*, 2019 WL 4439453, at *4; *see also Berry*, 675 F.2d at 469 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947); *Nat'l Geographic Soc'y v. Distr. Unemployment Comp. Bd.*, 438 F.2d 154, 159-61 (D.C. Cir. 1970)) ("Cases may arise, however, in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record . . . . In such instances, we would not hesitate to remand the case for further findings or a clearer explanation for the decision."). On remand, the ALJ must provide a more robust analysis as to why Plaintiff's mental impairments failed to meet the "paragraph C" criteria under Listings 12.04 and 12.06.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 21) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 22). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:  February 17, 2023
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE